IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERKS OFFICE
U.S.D.C. Atlanta

SEP 2 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

AMANDA U. AJULUCHUKU,

       Plaintiff,

   v.

SOUTHERN NEW ENGLAND
SCHOOL OF LAW, et al.,

       Defendants.

CIVIL ACTION NO.
1:05-MI-0251

AMANDA U. AJULUCHUKU,

       Plaintiff,

   v.

WENDYS INTERNATIONAL, INC.,

       Defendant.

CIVIL ACTION NO.
1:05-MI-0252

AMANDA U. AJULUCHUKU,

       Plaintiff,

   v.

MARRIOTT INTERNATIONAL, INC.,

       Defendant.

CIVIL ACTION NO.
1:05-MI-0253-JEC

AMANDA U. AJULUCHUKU,

       Plaintiff,

   v.

GAITHERSBURG GAZETTE, et al.,

       Defendants.

CIVIL ACTION NO.
1:05-MI-0254

AMANDA U. AJULUCHUKU,

       Plaintiff,

   v.

NRI STAFFING RESOURCES,

       Defendant.

CIVIL ACTION NO.
1:05-MI-0255

AO 72A
(Rev.8/82)

AMANDA U. AJULUCHUKU,

        Plaintiff,            CIVIL ACTION NO.
    v.                    1:05-MI-0256

RANDSTAD NORTH AMERICA,

        Defendant.

AMANDA U. AJULUCHUKU,

        Plaintiff,            CIVIL ACTION NO.
    v.                    1:05-MI-0257

WASHINGTON MUTUAL, INC.,

        Defendant.

AMANDA U. AJULUCHUKU,

        Plaintiff,            CIVIL ACTION NO.
    v.                    1:05-MI-0258

ONE EMPLOYMENT SVC.,

        Defendant.

AMANDA U. AJULUCHUKU,

        Plaintiff,            CIVIL ACTION NO.
    v.                    1:05-MI-0259

METRO TRANSIT,

        Defendant.

AMANDA U. AJULUCHUKU,

        Plaintiff,            CIVIL ACTION NO.
    v.                    1:05-MI-0260

VOLT INFORMATION SCIENCES, INC.,

        Defendant.

2

AMANDA U. AJULUCHUKU,

       Plaintiff,

    v.

HUEY AND ASSOCIATES,

       Defendant.

CIVIL ACTION NO.
1:05-MI-0261

AMANDA U. AJULUCHUKU,

       Plaintiff,

    v.

KELLY SERVICES, INC.,

       Defendant.

CIVIL ACTION NO.
1:05-MI-0262

AMANDA U. AJULUCHUKU,

       Plaintiff,

    v.

T-MOBILE USA, INC.,

       Defendant.

CIVIL ACTION NO.
1:05-MI-0263

AMANDA U. AJULUCHUKU,

       Plaintiff,

    v.

ALASKA AIRLINES, INC.,
(Seattle)

       Defendant.

CIVIL ACTION NO.
1:05-MI-0264

AMANDA U. AJULUCHUKU,

       Plaintiff,

    v.

SIERRA HEALTH SERVICES, et
al.,

       Defendant.

CIVIL ACTION NO.
1:05-MI-0265

3

AO 72A
(Rev.8/82)

AMANDA U. AJULUCHUKU,

        Plaintiff,              CIVIL ACTION NO.
    v.                        1:05-MI-0266

UNIVERSITY OF MASSACHUSETTS,
DARTMOUTH,

        Defendant.

AMANDA U. AJULUCHUKU,

        Plaintiff,              CIVIL ACTION NO.
    v.                        1:05-MI-0267

SUPERSHUTTLE,

        Defendant.

AMANDA U. AJULUCHUKU,

        Plaintiff,              CIVIL ACTION NO.
    v.                        1:05-MI-0268

BOEING,

        Defendant.

AMANDA U. AJULUCHUKU,

        Plaintiff,              CIVIL ACTION NO.
    v.                        1:05-MI-0269

AJILON FINANCE OF ADECCO USA,

        Defendant.

AMANDA U. AJULUCHUKU,

        Plaintiff,              CIVIL ACTION NO.
    v.                        1:05-MI-0270

MCI, INC.,

        Defendant.

4

AMANDA U. AJULUCHUKU,

        Plaintiff,          CIVIL ACTION NO.
    v.                   1:05-MI-0271

SEATTLE PUBLIC LIBRARY
(SPL),

        Defendant.

AMANDA U. AJULUCHUKU,

        Plaintiff,          CIVIL ACTION NO.
    v.                   1:05-MI-0272

WASHINGTON STATE PATROL, et
al.,

        Defendants.


AMANDA U. AJULUCHUKU,

        Plaintiff,          CIVIL ACTION NO.
    v.                   1:05-MI-0273

UNIVERSITY OF WASHINGTON,

        Defendant.


AMANDA U. AJULUCHUKU,

        Plaintiff,          CIVIL ACTION NO.
    v.                   1:05-MI-0274

BALTIMORE COUNTY DEPARTMENT OF
SOCIAL SERVICES,

        Defendant.

AMANDA U. AJULUCHUKU,

        Plaintiff,          CIVIL ACTION NO.
    v.                   1:05-MI-0275

BALTIMORE COUNTY POLICE,

        Defendant.

AO 72A
(Rev.8/82)

AMANDA U. AJULUCHUKU,

        Plaintiff,        CIVIL ACTION NO.
  v.                     1:05-MI-0276

PACE STAFFING NETWORK, INC.,

        Defendant.

AMANDA U. AJULUCHUKU,

        Plaintiff,        CIVIL ACTION NO.
  v.                     1:05-MI-0277

ADECOO USA,

        Defendant.

AMANDA U. AJULUCHUKU,

        Plaintiff,        CIVIL ACTION NO.
  v.                     1:05-MI-0278

SMART TALENT, INC.,

        Defendant.

AMANDA U. AJULUCHUKU,

        Plaintiff,        CIVIL ACTION NO.
  v.                     1:05-MI-0279

VERIZON COMMUNICATIONS, INC.,

        Defendant.

AMANDA U. AJULUCHUKU,

        Plaintiff,        CIVIL ACTION NO.
  v.                     1:05-MI-0280

ACCOUNTEMPS OF ROBERT HALF
(Washington),

        Defendant.

AO 72A
(Rev.8/82)

AMANDA U. AJULUCHUKU,

      Plaintiff,         CIVIL ACTION NO.
    v.                  1:05-MI-0281

SEATTLE MENTAL HEALTH,

      Defendant.

AMANDA U. AJULUCHUKU,

      Plaintiff,         CIVIL ACTION NO.
    v.                  1:05-MI-0282

ALLYSON GARDEN APARTMENTS,

      Defendant.

AMANDA U. AJULUCHUKU,

      Plaintiff,         CIVIL ACTION NO.
    v.                  1:05-MI-0302

EARTHLINK, INC.,

      Defendant.

AMANDA U. AJULUCHUKU,

      Plaintiff,         CIVIL ACTION NO.
    v.                  1:05-CV-02908-JEC

SUN TRUST BANKS, INC.

      Defendant.

AMANDA U. AJULUCHUKU,

      Plaintiff,         CIVIL ACTION NO.
    v.                  1:05-CV-00446-JEC

NATIONAL DISTRIBUTING COMPANY

      Defendant.

AO 72A
(Rev.8/82)

AMANDA U. AJULUCHUKU,

      Plaintiff,

    v.

WASHINGTON MUTUAL INC.

      Defendant.

CIVIL ACTION NO.
1:05-CV-02955-JEC


AMANDA U. AJULUCHUKU,

      Plaintiff,

    v.

SUN TRUST BANKS, INC.

      Defendant.

CIVIL ACTION NO.
1:06-CV-01112-JEC


## O R D E R  &  O P I N I O N

For the thirty-three cases listed above that carry a "MI" in their case number designation, this action is presently before the Court on the Magistrate Judge's Report and Recommendation [7].

For Case Number **1:05-CV-02908-JEC,** this action is presently before the Court on plaintiff's Motion for Default Judgment [3]; defendant's Motion to Dismiss [8]; plaintiff's Motion to Reassign Case [9]; plaintiff's Motion to Amend Complaint [13]; plaintiff's Motion to Reassign Case [34]; plaintiff's Motion to Transfer Case to Detroit, Michigan [34]; plaintiff's Motion to Transfer Case to Detroit, Michigan [37]; plaintiff's Motion to Reassign Case [37]; plaintiff's Motion to Transfer Case to Detroit, Michigan [39]; plaintiff's Motion not to Proceed with Miscellaneous Cases [39];

8

plaintiff's Motion to Transfer Case to Dallas, Texas [41]; plaintiff's Motion to Reclassify Case as Personal Injury and Federal Question/Diversity [44]; plaintiff's Motion to Transfer Case to Charlotte, North Carolina [49]; plaintiff's Motion to Transfer Case to Dallas, Texas [50]; defendant's Renewed Motion to Dismiss [53]; AND plaintiff's Motion to Waive Pacer Fees [55].

For Case Number **1:05-CV-00446-JEC**, this action is presently before the Court on plaintiff's Motion for Reconsideration [36]; defendant's Motion for Attorney Fees [38]; plaintiff's Motion for Reconsideration [39]; plaintiff's Motion to Transfer Case to Detroit, Michigan [40]; plaintiff's Motion not to Proceed with Miscellaneous Cases [40]; plaintiff's Motion to File Breach of Contract Lawsuit Against Attorney D. Albert Brannen [41]; plaintiff's Motion to Transfer Case to Charlotte, North Carolina [48]; plaintiff's Motion to Transfer Case to Dallas, Texas [49]; AND plaintiff's Motion to Waive Pacer Fees [52].

For Case Number **1:05-CV-02955-JEC**, this action is presently before the Court on plaintiff's Motion for Default Judgment [3]; plaintiff's Motion for Default Judgment [7]; plaintiff's Motion to Reassign Case [8]; defendant's Motion to Dismiss [9]; plaintiff's Motion to Reassign Case [23]; plaintiff's Motion to Transfer Case to Detroit, Michigan [23]; plaintiff's Motion to Transfer Case to Detroit, Michigan [24]; plaintiff's Motion to Reassign Case [24];

AO 72A
(Rev.8/82)

plaintiff's Motion to Transfer Case to Detroit, Michigan [26]; plaintiff's Motion not to Proceed with Miscellaneous Cases [26]; plaintiff's Motion to Transfer Case to Dallas, Texas [27]; plaintiff's Motion to Reclassify Case as Personal Injury and Federal Question/Diversity [30]; plaintiff's Motion to Transfer Case to Charlotte, North Carolina [34]; plaintiff's Motion to Transfer Case to Dallas, Texas [35]; AND plaintiff's Motion to Waive Pacer Fees [38].

For Case Number **1:06-CV-01112-JEC**, a case recently transferred to this Court from the United States District Court for the Northern District of Texas that is essentially a mirror image of Case Number 1:05-CV-02908-JEC, this action is presently before the Court on defendant's Motion to Dismiss [11]; plaintiff's Motion to Transfer Case to Charlotte, North Carolina [23]; plaintiff's Motion to Transfer Case to Dallas, Texas [25]; AND plaintiff's Motion to Waive Pacer Fees [28].

The Court has reviewed the record and the arguments of the parties and the objections that have been raised to the Magistrate Judge's Report and Recommendation. Having done so the Court concludes that, consistent with the Court's instructions below, the Magistrate Judge's Report and Recommendation [7] should be **ADOPTED**.

For Case Number **1:05-CV-02908-JEC**, the Court concludes that plaintiff's Motion for Default Judgment [3] should be **DENIED**;

defendant's Motion to Dismiss [8] should be **GRANTED**; plaintiff's Motion to Reassign Case [9] should be **DENIED**; plaintiff's Motion to Amend Complaint [13] should be **DENIED**; plaintiff's Motion to Reassign Case [34] should be **DENIED**; plaintiff's Motion to Transfer Case to Detroit, Michigan [34] should be **DENIED**; plaintiff's Motion to Transfer Case to Detroit, Michigan [37] should be **DENIED**; plaintiff's Motion to Reassign Case [37] should be **DENIED**; plaintiff's Motion to Transfer Case to Detroit, Michigan [39] should be **DENIED**; plaintiff's Motion not to Proceed with Miscellaneous Cases [39] should be **DENIED**; plaintiff's Motion to Transfer Case to Dallas, Texas [41] should be **DENIED**; plaintiff's Motion to Reclassify Case as Personal Injury and Federal Question/Diversity [44] should be **DENIED**; plaintiff's Motion to Transfer Case to Charlotte, North Carolina [49] should be **DENIED**; plaintiff's Motion to Transfer Case to Dallas, Texas [50] should be **DENIED**; defendant's Renewed Motion to Dismiss [53] should be **GRANTED**; AND plaintiff's Motion to Waive Pacer Fees [55] should be **DENIED**.

For Case Number **1:05-CV-00446-JEC**, the Court concludes that plaintiff's Motion for Reconsideration [36] should be **DENIED**; defendant's Motion for Attorney Fees [38] should be **GRANTED**; plaintiff's Motion for Reconsideration [39] should be **DENIED**; plaintiff's Motion to Transfer Case to Detroit, Michigan [40] should be **DENIED**; plaintiff's Motion not to Proceed with Miscellaneous Cases

11

[40] should be **DENIED**; plaintiff's Motion to File Breach of Contract Lawsuit Against Attorney D. Albert Brannen [41] should be **DENIED**; plaintiff's Motion to Transfer Case to Charlotte, North Carolina [48] should be **DENIED**; plaintiff's Motion to Transfer Case to Dallas, Texas [49] should be **DENIED**; AND plaintiff's Motion to Waive Pacer Fees [52] should be **DENIED**.

For Case Number **1:05-CV-002955-JEC**, the Court concludes that plaintiff's Motion for Default Judgment [3] should be **DENIED**; plaintiff's Motion for Default Judgment [7] should be **DENIED**; plaintiff's Motion to Reassign Case [8] should be **DENIED**; defendant's Motion to Dismiss [9] should be **GRANTED**; plaintiff's Motion to Reassign Case [23] should be **DENIED**; plaintiff's Motion to Transfer Case to Detroit, Michigan [23] should be **DENIED**; plaintiff's Motion to Transfer Case to Detroit, Michigan [24] should be **DENIED**; plaintiff's Motion to Reassign Case [24] should be **DENIED**; plaintiff's Motion to Transfer Case to Detroit, Michigan [26] should be **DENIED**; plaintiff's Motion not to Proceed with Miscellaneous Cases [26] should be **DENIED**; plaintiff's Motion to Transfer Case to Dallas, Texas [27] should be **DENIED**; plaintiff's Motion to Reclassify Case as Personal Injury and Federal Question/Diversity [30] should be **DENIED**; plaintiff's Motion to Transfer Case to Charlotte, North Carolina [34] should be **DENIED**; plaintiff's Motion to Transfer Case to Dallas,

12

Texas [35] should be **DENIED**; AND plaintiff's Motion to Waive Pacer Fees [38] should be **DENIED.**

For Case Number **1:06-CV-01112-JEC,** the Court concludes that defendant's Motion to Dismiss [11] should be **GRANTED**; plaintiff's Motion to Transfer Case to Charlotte, North Carolina [23] should be **DENIED**; plaintiff's Motion to Transfer Case to Dallas, Texas [25] should be **DENIED**; AND plaintiff's Motion to Waive Pacer Fees [28] should be **DENIED.**

## BACKGROUND

On February 2, 2005, plaintiff Amanda Ajuluchuku filed a civil complaint against National Distributing Company, seeking to proceed *in forma pauperis.*[1]   Plaintiff filed a second civil action against National Distributing Company on February 16, 2005.[2]   Then, on September 2, 2005, plaintiff began inundating this Court with a series of nonsensical, meritless filings.  More specifically, on that day, plaintiff filed thirty-two civil complaints, without payment of statutory filing fees, seeking in each case to proceed *in*

---

[1]  Plaintiff's first action against National Distributing Company bears the case no. 1:05-MI-0026.

[2]   Plaintiff's second action against National Distributing Company bears the case no. 1:05-CV-00446-JEC.

AO 72A
(Rev.8/82)

*forma pauperis.*[3] (Magistrate Order and Written Opinion 1:05-MI-0302 at Doc. 3 ("Initial Magistrate Order") at 9.)  On September 30, 2005, plaintiff filed another complaint, again seeking to proceed *in forma pauperis.*[4] (*Id.*)  For her next action, filed on November 14, 2005,

---

[3]    The September 2nd filings include, listed by name of defendant and Case Number:
1.   Southern New England School of Law et al (1:05-MI-00251)
2.   Wendy's International Inc. (1:05-MI-00252)
3.   Marriott International Inc. (1:05-MI-00253)
4.   Gaithersburg Gazette et al (1:05-MI-00254)
5.   NRI Staffing Resources (1:05-MI-00255)
6.   Randstad North America (1:05-MI-00256)
7.   Washington Mutual Inc. (1:05-MI-00257)
8.   Apple One Employment Svc. (1:05-MI-00258)
9.   Metro Transit (1:05-MI-00259)
10.  Volt Information Sciences Inc. (1:05-MI-00260)
11.  Huey and Associates (1:05-MI-00261)
12.  Kelly Services Inc. (1:05-MI-00262)
13.  T-Mobile USA Inc. (1:05-MI-00263)
14.  Alaska Airlines Inc. (1:05-MI-00264)
15.  Sierra Health Service et al (1:05-MI-00265)
16.  University of Massachusetts, Dartmouth (1:05-MI-00266)
17.  Supershuttle (1:05-MI-00267)
18.  Boeing (1:05-MI-00268)
19.  Ajilon Finance of Adecco USA (1:05-MI-00269)
20.  MCI Inc. (1:05-MI-00270)
21.  Seattle Public Library (1:05-MI-00271)
22.  Washington State Patrol et al (1:05-MI-00272)
23.  University of Washington (1:05-MI-00273)
24.  Baltimore County Department of Social Services (1:05-MI-00274)
25.  Baltimore County Police (1:05-MI-00275)
26.  Pace Staffing Network Inc. (1:05-MI-00276)
27.  Adecoo USA (1:05-MI-00277)
28.  Smart Talent (1:05-MI-00278)
29.  Verizon Communications Inc. (1:05-MI-00279)
30.  Accountemps of Robert Half (1:05-MI-00280)
31.  Seattle Mental Health (1:05-MI-00281)
32.  Allyson Garden Apartments (1:05-MI-00282)

[4]    Earth Link Inc. (1:05-MI-00302)

plaintiff paid the filing fee.[5]  Plaintiff also paid the filing fee for the action she filed on November 17, 2005.[6]  Plaintiff's most recent action, filed on May 9, 2006, comes to this Court by way of the United States District Court for the Northern District of Texas. This case is essentially the mirror image of the action plaintiff filed in this Court against Sun Trust Banks, Inc. on November 14, 2005.[7]

Plaintiff is no stranger to the federal courts system, as the United States District Court for the Western District of Kentucky recently noted, "Ajuluchuku ha[s] filed 192 separate civil complaints in various district courts across the United States in less than a three-year time frame, apparently seeking to proceed *in forma pauperis* in almost every action." *Ajuluchuku v. Yum! Brand, Inc., Ltd.*, No. Civ. A. 3:05CV826-H, 2006 WL 1523218, at *2 (W.D. Ky. May 23, 2006).  Like the thirty-plus cases now before this Court, the "overwhelming majority" of cases filed by plaintiff have been totally without merit. *Id.*  In the *Yum! Brand* case plaintiff sought $9,000,000,000,000 (nine trillion dollars) in damages because a Kentucky Fried Chicken restaurant informed plaintiff that they were

---

[5]  Sun Trust Banks Inc. (1:05-CV-02908-JEC)

[6]  Washington Mutual Inc. (1:05-CV-02955-JEC)

[7]  Sun Trust Banks Inc. (1:06-CV-01112-JEC)

15

AO 72A
(Rev.8/82)

out of chicken breasts and would have to substitute chicken strips, and also that plaintiff would need to wait for the restaurant to cook more rice to fill plaintiff's side orders. *Id.* at *1.

A sampling of plaintiff's cases before this Court include the following.  In her action against Pace Staffing Network Inc., 1:05-MI-0276, plaintiff seeks to recover $6,000,000,000,000 (six trillion dollars) under the Americans with Disabilities Act ("ADA")[8] for discrimination and assault because Pace required plaintiff to complete five hours of testing in typing, customer service, data entry, and other office skills as part of plaintiff's efforts to procure employment with Pace.

In her action against the Baltimore County Police, 1:05-MI-0275, plaintiff seeks to recover $90,000,000,000,000 (ninety trillion dollars), because an Officer Bradley from the Baltimore County Police, with the assistance of Judge Kathleen Cox, allegedly kidnaped her son and placed him with the "Board of Childcare."

In her action against the Seattle Public Library, 1:05-MI-0271, plaintiff seeks to recover $3,000,000,000,000 (three trillion

---

[8] According to plaintiff her disability is that, "[w]hen I was a baby, I fell down a flight of stairs.  I injured my brain in the process.  My head was split into two parts.  As a consequence, I lack motor skills.  Playing the piano at the age of six rewired by brain and accorded me minimal motor skills.  Dizziness and fainting spells are symptoms of my disability." (*See* Doc. 2 at 3 in case no. 1:05-MI-0269)(emphasis in original).

16

dollars), again under the ADA, because members of the Seattle Public Library refused to give plaintiff extra time on the library computer and instructed plaintiff to unplug her cellular phone charger from the library's electrical socket.

In her action against Ajilon Finance of Adecco USA, 1:05-MI-0269, plaintiff seeks to recover $3,000,000,000,000 (three trillion dollars) under the ADA for discrimination and assault because Ajilon terminated plaintiff from a temporary position the company had staffed her on at Seattle Mental Health. The other thirty-plus cases before this Court continue in the same vein as the above-described cases.

On October 13, 2005, the magistrate judge overseeing the cases that carry a "MI" in their case number designation issued an order noting that a review of plaintiff's *in forma pauperis* filings in this Court showed that plaintiff has repeatedly filed lawsuits against these same defendants or representatives of the same defendants in other courts. For example, plaintiff has attempted to sue defendants Accountemps/Robert Half in ten other *in forma pauperis* lawsuits, in five district courts. (Initial Magistrate Order at 11 n.2.) The magistrate judge also noted that none of the thirty-two complaints filed by plaintiff on September 2, 2005 concern events or circumstances that have any connection to the Northern District of Georgia or, in fact, to any place within several hundred miles of

17

this District. (*Id.* at 11.)  Finally, the magistrate judge indicated in her order that there was no apparent basis on the face of plaintiff's complaints for this court to exert personal jurisdictions over the defendants named by plaintiff and that plaintiff's complaints "fail to adequately identify the causes of action upon which Plaintiff is relying or to adequately set forth facts that support a finding that Plaintiff can state a cause of action for each separately identified cause of action." (*Id.* at 11-12.)  The Court's own review of the cases filed by plaintiff in this District has revealed the observations of the magistrate judge to be well-founded.

Given the above, in her October 13th Order, the magistrate judge concluded:

> Given Plaintiff's litigation history and the problems identified with the *in forma pauperis* affidavits and with the civil complaints filed on September 2 and 30, 2005, the court finds that Plaintiff's litigation in this district and elsewhere is abusive and vexatious and that measures must be imposed to protect the court and potential defendants from frivolous, repetitious lawsuits and from the unnecessary expenditure of resources.

(*Id.* at 13.)  The magistrate judge recognized, however, that "a litigant cannot be 'completely foreclosed from *any* access to the court.'" *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993)(internal citation omitted).  The magistrate judge thus issued the following order:

> Accordingly, it is ORDERED that the Clerk of Court return to Plaintiff each of the affidavits filed by Plaintiff in

18

the above-styled cases and provide to her for each case the *in forma pauperis* form utilized by this court for completion by Plaintiff.  Plaintiff is DIRECTED to include on the *in forma pauperis* affidavits details, specifically dates and amounts, of all settlements entered by Plaintiff within the last twenty-four (24) months resulting in compensation to Plaintiff based on lawsuits filed in federal or state courts or received in lieu of filing a lawsuit in federal or state court.  Plaintiff is cautioned that execution of each affidavit is made under penalty of perjury and that she should carefully consider the responses set forth on each form.  Plaintiff is ORDERED to complete and return to the Clerk of Court the completed and executed *in forma pauperis* affidavit for each case within twenty-five (25) days of entry of this order.

It is further ORDERED that, within twenty-five (25) days of entry of this order, Plaintiff file with the Clerk of Court (captioned: 'Application Pursuant to Court Order Seeking Leave to File') a supplement for each of the above-styled civil complaints by providing the following information and/or materials, to the extent pertinent to each separate case:

(a) A copy of all complaints filed by Plaintiff (on her behalf or on behalf of a family member) during the last thirty-six (36) months, in federal or state court, against the defendant(s) named in the above-styled cases and a copy of all court orders entered for each case resulting from the filing of the complaint.

(b) A copy of any injunction or restraining order entered against Plaintiff by any federal or state court restricting, limiting or prohibiting Plaintiff's filing of lawsuits or complaints.

(c) In each of the above-styled cases seeking recovery for any type of employment discrimination, to the extent administrative remedies were exhausted, a copy of each charge/complaint filed with the EEOC and a copy of each Right to Sue Letter received from the EEOC.  If Plaintiff did not administratively exhaust a claim, a statement: 'Did not seek administrative exhaustion.'

(d) For each of the above-styled cases, a concise statement

19

establishing this court's personal jurisdiction, if any, over the named Defendant(s).

(e) For each of the above-styled cases, a concise and brief statement for each cause of action asserted of facts stating a claim upon which relief can be granted. Each cause of action must be specifically identified by Constitutional right allegedly violated or by federal or state statutory provision allegedly violated.

(f) For each case, an affirmation signed by Plaintiff stating that the filing complies with all requirements of Federal Rule of Civil Procedure 11.

Plaintiff is advised that failure to comply with this order within the deadline imposed will result in denial of her application to proceed *in forma pauperis* for that case and in that case being administratively closed, unless, prior to the deadline for submission set forth herein, Plaintiff pays the full statutory filing fee.

Pursuant to this ORDER, and pending further order of this court, the Clerk of Court is DIRECTED TO ACCEPT NO NEW FILINGS by Amanda Ajuluchuku, or any filing in which Amanda Ajuluchuku appears as a plaintiff, UNLESS accompanied by full payment of the statutory filing fee. The Clerk of Court is further DIRECTED to resubmit each of the above-styled cases to the undersigned for further consideration thirty (30) days from entry of this order.

(Initial Magistrate Order at 15-17.)

After expiration of the twenty-five day time period in which plaintiff was to submit this District's *in forma pauperis* form pursuant to the magistrate's October 13th Order, the magistrate judge resumed her consideration of plaintiff's filings and, ultimately, recommended denial of plaintiff's request to proceed *in forma pauperis* in each of the above referenced cases that carry a "MI" in

20

their case number designation.[9]  The magistrate's decision was based
in part on plaintiff's failure to comply with the magistrate judge's
order of October 13, 2005. (Order and Written Opinion and Report and
Recommendation ("R&R") [7] at 19.)   The magistrate judge further
recommended that this Court enter a restraining order covering future
filings by plaintiff in this District. (R&R at 10.)

## DISCUSSION

### I.   Magistrate Judge's Report and Recommendation

Before issuing a ruling on each of the pending motions in the
above referenced cases that carry a "CV" in their case number
designation,   the   Court   will   consider   the   magistrate   judge's
recommendation that the Court enter a restraining order against any
future filings by plaintiff in this District.

The magistrate judge recommends that this Court, "enter a
restraining order restricting Plaintiff from filing any civil
complaints in this court without payment of the full statutory filing
fee, accompanied by (1) a certification that neither the claims
alleged nor the defendant(s) named therein have been the subject of
a pending law suit in any federal or state court and (2) a copy of
the restraining order entered by the District Judge in this District

---

[9]   *See* R&R at 10-20, for a very well-reasoned discussion of why
the magistrate judge decided to deny plaintiff's request to proceed
*in forma pauperis*.

AO 72A
(Rev.8/82)

and a copy of all other restraining orders entered in any district or state court." (R&R at 21.)  As the magistrate judge aptly recognized in issuing her recommendation, "[m]ore than one federal district court has entered an order restraining Plaintiff from filing civil complaints because of her pattern of repetitive litigation against the same individuals regarding the same causes of action and because of the fact that most of that litigation is frivolous."[10] (*Id.* at 22.)

"Proceeding *in forma pauperis* is a privilege and not a right." *Moore v. Hillman*, Nos. 4:06-CV-43; 4:06-CV-45, 2006 WL 1313880, at *3 (W.D. Mich. May 12, 2006)(citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).  Indeed, "[f]ederal district courts necessarily have considerable discretion in drafting orders restricting a litigious party's access to courts." *Moore*, 2006 WL 1313880, at *4 (citing *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002).  Here, "[t]he Court's scarce resources are being consumed by Plaintiff's repetitious, frivolous, and meritless filings." *Lundahl v. NAR Inc.*, 434 F. Supp. 2d 855, 860 (D. Idaho 2006).  Making matters worse, plaintiff failed to comply with the magistrate judge's

---

[10]    At last count, Courts that have formally restrained plaintiff's filings include the United States District Court for the Western District of Washington, the United States District Court for Massachusetts, the United States District Court for the District of Maryland, and the United States District Court for the Western District of Kentucky. (*See* R&R at 22 n.7; *Yum! Brand, Inc.*, 2006 WL 1523218.)

AO 72A
(Rev.8/82)

October 13th Order attempting to impose pre-screening requirements to bring the "MI" designated cases under some kind of control. (Initial Magistrate Order at 19, 25.)  In no uncertain terms, in this District and throughout the federal system, plaintiff is a vexatious litigant whose tactics continue to consume the judiciary's scarce resources, despite the fact that plaintiff appears to have suffered no real legal wrong.  Enough is enough.  A federal lawsuit is not a lottery ticket, and this courthouse is not a convenience store.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [7] and **ORDERS** that plaintiff be restricted from filing any civil complaints in this court **without payment of the full statutory filing fee**.  Further, any such filing must be accompanied by (1) a certification that neither the claims alleged nor the defendant(s) named therein have been the subject of a pending law suit in any federal or state court and (2) a copy of the restraining order entered by the District Judge in this District and a copy of all other restraining orders entered in any district or state court.

In addition, the Court adds to the magistrate judge's recommendation a further condition to any new filing in this district.  That is, at the time of filing any civil complaint, plaintiff shall also **post a $10,000 bond** to cover the likely award of costs and attorneys' fees to the next defendant victimized by one of plaintiff's frivolous filings.  "[I]n addition to enjoying broad

23

discretion to manage litigation before them, federal courts possess the inherent power to require the posting of cost bonds and to provide for the award of attorneys' fees." *Pedraza v. United Guaranty Corp.*, 313 F.3d 1323, 1335 (11th Cir. 2002); *see also Lundahl*, 434 F. Supp. at 861 (indicating that should plaintiff fail to comply with pre-filing Order plaintiff will be subject to further sanctions including a requirement that she post adequate surety to indemnify attorneys fees and costs of opposing parties); *Jean v. Dugan*, 29 F. Supp. 2d 939 (N.D. Ind. 1998)(requiring posting of $5,000 bond to cover possible sanctions with any future filing). The Clerk of Court is **DIRECTED** not to accept any civil complaint plaintiff attempts to file that does not comply with the above conditions. Further, the $10,000 bond must be posted simultaneously with the plaintiff's filing of any civil complaint.

The Court considers the above Order to be consistent with the Supreme Court's direction to the lower courts that they take on some responsibility for ensuring that the judiciary's scarce resources be allocated in a way that promotes the interests of justice. *See In re McDonald*, 489 U.S. 180, 184 (1989).[11] The Court will now address the

---

[11] More specifically, the Supreme Court said, "paupers filing *pro se* petitions are not subject to the financial considerations-- filing fees and attorney's fees--that deter other litigants from filing frivolous petitions. Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's

24

merits of the pending motions in those cases listed above that carry a "CV" designation: that is, cases for which the plaintiff paid a filing fee or got past a frivolity review.

## II.   Ajuluchuku v. Sun Trust Banks, Inc. (1:05-CV-02908-JEC)

In Case Number 1:05-CV-02908-JEC plaintiff has brought suit alleging that on October 20, 2005, at a Sun Trust location in Atlanta, defendant's branch manager refused to change plaintiff's pin number and notarize a document as requested.  According to plaintiff, she was sent to the back of the bank to an "instrument that was needed to change the pin number . . . Somehow, I managed to unscrew it.   I fell down because the instrument jerked me sideways.   I sprained my ankle."  (Complaint 1:05-CV-02908-JEC [1] at 2.) Plaintiff says, as a result of the above, she sustained "severe injuries on my ankle and toe" for which she sought treatment at Piedmont Hospital. (*Id.*)

Case Number 1:05-CV-02908-JEC is presently before the Court on plaintiff's Motion for Default Judgment [3]; defendant's Motion to Dismiss [8]; plaintiff's Motion to Reassign Case [9]; plaintiff's Motion to Amend Complaint [13]; plaintiff's Motion to Reassign Case [34]; plaintiff's Motion to Transfer Case to Detroit, Michigan [34];

---

responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. at 184.

AO 72A
(Rev.8/82)

plaintiff's Motion to Transfer Case to Detroit, Michigan [37];
plaintiff's Motion to Reassign Case [37]; plaintiff's Motion to
Transfer Case to Detroit, Michigan [39]; plaintiff's Motion not to
Proceed with Miscellaneous Cases [39]; plaintiff's Motion to Transfer
Case to Dallas, Texas [41]; plaintiff's Motion to Reclassify Case as
Personal Injury and Federal Question/Diversity [44]; plaintiff's
Motion to Transfer Case to Charlotte, North Carolina [49]; AND
plaintiff's Motion to Transfer Case to Dallas, Texas [50];
defendant's Renewed Motion to Dismiss [53]; AND plaintiff's Motion to
Waive Pacer Fees [55].

Docket Entry No. 34 is a motion both to reassign the case to a
male judge and to transfer the case to Detroit, Michigan.  Plaintiff
states, "Your Honor, I would like to motion the court to assign this
case to a male judge.  Male judges have never exhibited jealousy,
hatred, and obsession towards me." (Motion to Assign, etc. 1:05-CV-
02908-JEC [34].)  First, none of the 28 U.S.C. § 455 factors counsel
in favor of this Court's recusal from this case.[12]   Second, no
"objective, disinterested, lay observer fully informed of the facts

---

[12]    In relevant part 28 U.S.C. § 455 (2006) provides: "Any
justice, judge, or magistrate judge of the United States shall
disqualify himself in any proceeding in which his impartiality might
reasonably be questioned . . . He shall also disqualify himself in
the following circumstances . . .Where he has a personal bias or
prejudice concerning a party, or personal knowledge of disputed
evidentiary facts concerning the proceeding . . ."

26

underlying the grounds on which recusal was sought would entertain a significant doubt about [this] judge's impartiality." *Parker v. Connors Steel Co.,* 855 F.2d 1510, 1524 (11th Cir.1988).  The Court's frustration with the plaintiff's tactics is a reaction that any sensible person would have.  The Court thus **DENIES** plaintiff's Motion to Reassign Case [34].  For the same reasons, the Court also **DENIES** plaintiff's Motion to Reassign Case [37].  Plaintiff's other Motion to Reassign Case [9] is based on plaintiff's own assertion that, "[w]hen all my cases are assigned to one judge, the judge has the tendency to issue a restraining order against me.  Consequently, I have continued to undergo discrimination." (Motion to Assign Different Judges 1:05-CV-2908-JEC [9].)  The Court concludes that this "tendency" is understandable, but does not justify this Court's recusal and reassignment of the case.  The Court also **DENIES**  Motion to Reassign Case [9].

Plaintiff has filed multiple motions to transfer the case to the various cities plaintiff has allegedly moved to in the last seven months--No. 34 to Detroit, No. 37 to Detroit, No. 39 to Detroit, No. 41 to Dallas, No. 49 to Charlotte, No. 50 to Dallas.  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404 (2006).  Sun Trust, the defendant to this frivolous action has already borne

27

enough inconvenience without this Court transferring this case all over the United States to jurisdictions where it is not at all clear to this Court that personal jurisdiction would even exist. Moreover, the interests of justice counsel against merely passing this case off to another Court without addressing the real problems underlying these filings: plaintiff's vexatious and frivolous pleadings. Accordingly, the Court **DENIES** plaintiff's Motion to Transfer Case to Detroit, Michigan [34]; **DENIES** plaintiff's Motion to Transfer Case to Detroit, Michigan [37]; **DENIES** plaintiff's Motion to Transfer Case to Detroit, Michigan [39]; **DENIES** plaintiff's Motion to Transfer Case to Charlotte, North Carolina [49]; AND **DENIES** plaintiff's Motion to Transfer Case to Dallas, Texas [50]. At the same time, the Court also **DENIES** plaintiff's Motion not to Proceed with Miscellaneous Cases [39] because it is nothing more than a summary and reiteration of the above motions to transfer.

Plaintiff's Motion for Default Judgment [3] is based on plaintiff's mistaken notion that, though she properly served her Complaint on defendant, defendant did not answer. In fact, without seeking any kind of waiver of service of summons, plaintiff attempted to perfect service on defendant, a corporation, by sending a copy of the summons and complaint to defendant's "CEO" by United States Postal Service certified mail. (Return of Service and Answer Due Date

1:05-CV-02908-JEC [5] at 1.)   Accordingly, as set forth in FED. R. CIV. P. 4 and as argued by defendant in its special answer, plaintiff did not properly serve defendant.  Plaintiff is thus not entitled to a default judgment for defendant's failure to answer within twenty days.  The Court **DENIES** Motion for Default Judgment [3].

Plaintiff moves to amend her Complaint to state a claim for "Fraud and Retaliation" contending that, on the day that plaintiff filed this case, "Defendant illegally charged me fees."  The fees plaintiff refers to appear to be three "Other ATM Network Fees" in the amount of $2.00 each drawn from plaintiff's Sun Trust checking account on November 14, 2005. (Amended Complaint 1:05-CV-02908-JEC [13] at 2.)   At the time plaintiff moved to amend her Complaint, defendant had already filed its special answer.  Accordingly, under FED. R. CIV. P. 15(a), plaintiff requires leave of court to amend her Complaint.  Under Rule 15(a), such leave, "shall be freely given when justice so requires."

Here, however, justice counsels against granting plaintiff leave to amend her Complaint to add yet another frivolous cause of action. Indeed, the same account print out that plaintiff submits as proof of the $2.00 "illegal" charges shows a "Service Charge/Fee Refund" in the amount of $6.00 on November 16, 2005.   Thus, in real terms, defendant charged plaintiff no fee and plaintiff sustained no damages.   In this circuit, a district court may deny leave to amend

29

a complaint when such an amendment would be futile. *Hall v. United*

*Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). "[D]enial

of leave to amend is justified by futility when the complaint as

amended is still subject to dismissal." *Id.* (internal citation

omitted). The Court **DENIES** plaintiff's Motion to Amend Complaint

[13].

The entirety of plaintiff's Motion to Reclassify Case as

Personal Injury and Federal Question/Diversity [44] states:

> Your Honor, I would like to motion the court to reclassify
> the above-captioned case as a Personal Injury Lawsuit,
> including Discrimination based upon Disability and RACE.
> As you are well aware, I sustained personal injuries such
> as falls, seizures, memory loss, disappointments,
> dizziness, confusion, high blood pressure, vertigo,
> humiliation, embarrassment, etc as I stated in my complaint
> due to Defendant's conduct.
>
> On February 13, 2006, I will be returning to the south. My
> blood pressure has rise to alarming heights since I arrived
> in Detroit, Michigan. I will notify the court of my new
> address within a week of my arrival in Dallas, Texas.
> Thank you, Your Honor.

Even giving a liberal construction to plaintiff's *pro se* motion, the

Court cannot discern any ground to justify a "reclassification" or

amendment to plaintiff's Complaint. The Court thus **DENIES**

plaintiff's Motion to Reclassify Case as Personal Injury and Federal

Question/Diversity [44].[13]

---

[13]   In doing so, the Court notes that plaintiff's motion lists
a different Case Number in its heading: 1:05-CV-02955-JEC. Out of an

30

The only motions left for the Court to consider in 1:05-CV-02908-JEC are defendant's Motions to Dismiss [8][53].   Defendant moves this Court to dismiss plaintiff's action under FED. R. CIV. P. 12(b)(6) on the grounds that plaintiff has failed to state a claim upon which relief may be granted. (Motion to Dismiss 1:05-CV-02908-JEC [8] at 1.)   Plaintiff seeks to recover $9,000,000,000,000 (nine trillion dollars) "on behalf of all children, my son, and myself as compensatory and punitive damages" under 42 U.S.C. § 12182 of the ADA;[14] 42 U.S.C. § 2000a;[15] and 42 U.S.C. § 1983.[16] (Complaint 1:05-CV-

---

abundance of caution, however, the Court has construed this motion labeled for another case as also having been made in 1:05-CV-02908-JEC.

[14]   "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182 (2006).

[15]   "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."   42 U.S.C. § 2000a (2006).

[16]   "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ." 42 U.S.C. § 1983 (2006).

31

02908-JEC [1] at 3-5.)   Under an extremely liberal construction of plaintiff's Complaint, plaintiff may also be attempting to bring a state law claim for assault. (*Id.* at 3.)   Nowhere in her Complaint does plaintiff seek injunctive relief.

A party moving for dismissal under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted carries the burden of proving that no claim has been stated. "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *In re Johannessen*, 76 F.3d 347, 349 (11th Cir. 1996)(internal citations omitted).   For purposes of a Rule 12(b)(6) motion, the Court may consider only those facts alleged in the pleadings and their exhibits. The Court accepts the facts as alleged by plaintiff to be true, drawing all reasonable inferences in plaintiff's favor. *In re Johannessen*, 76 F.3d at 349-50; *Pyles v. United Air Lines, Inc.*, 79 F.3d 1046, 1049 (11th Cir. 1996).

"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.   Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss . . . the allegations of the complaint should be construed

32

favorably to the pleader." *Taylor v. Ledbetter*, 818 F.2d 791, 794 n.4
(11th Cir. 1987).

In this case, as defendant contends, plaintiff has failed to
state a claim upon which relief can be granted under any of her
alleged causes of action.   First, with regard to plaintiff's claim
under 42 U.S.C. § 2000a, Title II of the Civil Rights Act of 1964
only provides for injunctive relief and does not allow for the
recovery of monetary damages. *Newman v. Piggie Park Enterprises,
Inc.*, 390 U.S. 400, 401-02 (1968)("A Title II suit is thus private in
form only.   When a plaintiff brings an action under that Title, he
cannot  recover  damages.").    Again,  plaintiff  has  not  requested
injunctive relief; monetary damages are the only damages plaintiff
seeks.  Accordingly, plaintiff has failed to state a claim for relief
under 42 U.S.C. § 2000a.

Plaintiff also seeks to recover money damages under 42 U.S.C. §
12182.    Like  Title  II  of  the  Civil  Rights  Act,  the  only  remedy
available under 42 U.S.C. § 12182 is injunctive relief. *See* 42 U.S.C.
§ 12188(a) (2006) (providing that the provisions of 42 U.S.C. §
2000a-3 supply the available remedies for enforcement of the public
accommodation subchapter of the ADA); *see also A.R. v. Kogan*, 964 F.
Supp. 269, 271 (N.D. Ill. 1997).  Thus, plaintiff has also failed to
state a claim for relief under 42 U.S.C. § 12182.

In order to establish a claim under 42 U.S.C. § 1983, plaintiff

33

must show a violation of a right secured by the Constitution of the United States, and also that the deprivation of that right was committed by a person acting under color of state law. *Loren v. Sasser*, 309 F.3d 1296, 1303 (11th Cir. 2002) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).   Here, plaintiff has sued Sun Trust, a private entity, and there is no allegation or indication that anyone at Sun Trust was acting under color of state law. Accordingly, plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983.

Plaintiff's claim for assault, if there is one, is based on a paragraph in plaintiff's Complaint where she states:

> [the branch manager] assaulted me when she came towards me. I felt very threatened, afraid, and confused. Furthermore, [the branch manager] had no right to order me out of the bank, let alone come towards me when she refused to change my pin number and notarize my documents.   It is ironical (*sic.*) to remark.   When [the branch manager] ordered me to get the instrument, she internationally (*sic.*) stayed away from me. However, [the branch manager] had the audacity to approach me when she came out of the tellers' cubicle to order me out of the bank.   Even though, I have been a customer since 2002.   Therefore, [the branch manager] demonstrated all the elements of an assault and discrimination.   Due to her conduct, [the branch manager] caused me to fall down, experience fear, anxiety, seizures, confusion, and anxiety attacks.

(Complaint 1:05-CV-02908-JEC [1] at 3.)

In Georgia, an "assault occurs when all the apparent circumstances, reasonably viewed, are such as to lead a person reasonably to apprehend a violent injury from the unlawful act of

34

another." *Bullock v. Jeon*, 226 Ga. App. 875, 878, 487 S.E.2d 692, 696 (1997)(internal citation and quotation omitted). Here, accepting the facts as alleged by plaintiff to be true and drawing all reasonable inferences in plaintiff's favor, the circumstances described by plaintiff are still not of the kind that could possibly lead a reasonable person to apprehend a violent injury. No reasonable person would apprehend violent injury from a branch manager approaching them in a bank lobby or from any of the other facts stated by plaintiff. *See id*. In sum, plaintiff has failed to state a claim for assault.

For the reasons articulated above, the Court **GRANTS** defendant's Motions to Dismiss [8][53]. This case is **dismissed with prejudice**.

## III. Ajuluchuku v. National Distributing Company (1:05-CV-00446-JEC)

In 1:05-CV-00446-JEC, plaintiff alleges that National Distributing Company ("NDC") unlawfully terminated her from its employ. More specifically plaintiff alleges that, in January 2002, she was working for a temporary agency called NRI Staffing Agency ("NRI"), and that NRI assigned plaintiff to NDC to work as a cost accountant. Plaintiff states the following events are those that give rise to her claims for $2,000,000,000 (two billion dollars) in damages:

> I am disabled. Moving around increased the intensity of my disability. Within two weeks, I was very dizzy. At 7:00 A:M (*sic.*), I placed a call to the receptionist of NDC. I

35

wanted to tell my supervisor (Richard Gay) that I would not
be able to come in because I was not feeling well at all.
However, he had not come in.  The receptionist transferred
me to his supervisor.    I quickly told him about my
disability.  I said that I would like to stay home since I
was not feeling well.  I told him that I would report to
work the following day.  He was upset.  He yelled at me for
calling sick.   Afterwards, he fired me despite the fact
that I told him about my disability.    Immediately, I
telephoned NRI Staffing to tell them.  They telephoned NDC.
NDC told NRI that I should not be allowed to come back to
work at NDC.

(Complaint 1:05-CV-00446-JEC [1] at 2.)   On December 22, 2005, the

Court granted defendant's motion to dismiss this case for failure to

state a claim under FED. R. CIV. P. 12(b)(6).  (Order 1:05-CV-00446-JEC

[32] at 1.)

Case Number 1:05-CV-00446-JEC is presently before the Court on

plaintiff's Motion for Reconsideration [36]; defendant's Motion for

Attorney Fees [38]; plaintiff's Motion for Reconsideration [39];

plaintiff's Motion to Transfer Case to Detroit, Michigan [40];

plaintiff's Motion not to Proceed with Miscellaneous Cases [40];

plaintiff's Motion to File Breach of Contract Lawsuit Against

Attorney D. Albert Brannen [41]; plaintiff's Motion to Transfer Case

to Charlotte, North Carolina [48]; plaintiff's Motion to Transfer

Case to Dallas, Texas [49]; AND plaintiff's Motion to Waive Pacer

Fees [52].

As in 1:05-CV-02908-JEC, in this case plaintiff has filed

multiple motions to transfer the case to the various cities plaintiff

36

has moved to in the last seven months--No. 40 to Detroit,[17] No. 48 to Charlotte, and No. 49 to Dallas.  Plaintiff's Motion not to Proceed with Miscellaneous Cases [40] is also really just a motion to transfer the case out of Georgia.  This case has been decided on its merits, and it has been adjudged by this Court that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the "interests of justice" do not support transfer of this case. *See* 28 U.S.C. § 1404 (2006).  The Court **DENIES** plaintiff's Motion to Transfer Case to Detroit, Michigan [40]; **DENIES** plaintiff's Motion not to Proceed with Miscellaneous Cases [40]; **DENIES** plaintiff's Motion to Transfer Case to Charlotte, North Carolina [48]; and **DENIES** plaintiff's Motion to Transfer Case to Dallas, Texas [49].

Plaintiff has filed two motions for reconsideration in response to the Court's dismissal of this case with prejudice for failure to state a claim upon which relief can be granted.  A motion for reconsideration is not an opportunity for the moving party to instruct the Court on "how it 'could have done it better' the first time." *Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc.*, 972 F. Supp. 665, 674 (N.D. Ga. 1997)(Hull, J.).

---

[17]   Though listed on the docket as a motion to transfer to Detroit, Michigan, a review of Docket Entry No. 40 shows the motion to be one to transfer this case to Washington, DC. (Motion to Transfer 1:05-CV-00446-JEC [40] at 1.)

37

Instead, such a motion should be reserved for those limited situations where new evidence has been discovered, there has been an intervening development or change in the law, or there is a need to correct a clear error or prevent manifest injustice. *Id.* Plaintiff has presented no new evidence, the law applicable to this case has not changed, and the Court finds no clear error or other injustice in its original decision to dismiss plaintiff's case for failure to state a claim. The Court **DENIES** plaintiff's Motion for Reconsideration [36] and **DENIES** plaintiff's Motion for Reconsideration [39].

This case was dismissed on December 22, 2005 for failure to state a claim because plaintiff did not file a timely charge with the EEOC prior to bringing suit in federal court. (*See* Order 1:05-CV-00446-JEC [32] at 16.) Now, in her Motion to File Breach of Contract Lawsuit Against Attorney D. Albert Brannen [41], plaintiff seeks leave to amend her Complaint to "file a breach of marriage contract lawsuit against Attorney Brannen and a discrimination lawsuit based upon race and disability against the law offices of Fisher & Phillips." (Motion to File a Breach of Contract Lawsuit, etc. 1:05-CV-00446-JEC [41] at 1.)

The law in this circuit is that, "[a]lthough the plaintiff does not have a right to amend as a matter of course after dismissal of the complaint, the dismissal itself does not automatically terminate

38

the action unless the court holds either that no amendment is possible or that the dismissal of the complaint also constitutes a dismissal of the action." *Czeremcha v. Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1554-55 (11th Cir. 1984). In this case, the Court specifically held that dismissal of plaintiff's Complaint also constituted dismissal of the action. (Order 1:05-CV-00446-JEC [32] at 17)("For the foregoing reasons, the Court **GRANTS** defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, in the Alternative, for Failure to State a Claim Upon Which Relief Can Be Granted [14]. This case is **dismissed with prejudice**."). As plaintiff's case has already been dismissed with prejudice, the Court will not grant leave to amend under FED. R. CIV. P. 15(a). The Court **DENIES** Motion to File Breach of Contract Lawsuit Against Attorney D. Albert Brannen [41].

This leaves the Court to consider defendant's motion for attorneys' fees. In its Order dismissing plaintiff's Complaint, the Court stated, "[f]inally, defendant has requested that attorney's fees be awarded to it. This request may well be appropriate, as the Court has granted defendant's Rule (12)(b)(6) motion to dismiss. Defendant may file an appropriate motion for attorney's fees and costs within the applicable deadlines." (Order 1:05-CV-00446-JEC [32] at 17.) In support of its motion, defendant argues that plaintiff pursued her claims in bad faith or, at the very least, pursued claims

39

that were frivolous, unreasonable, and without foundation. (Motion for Attorney Fees 1:05-CV-00446-JEC [38] at 6.)

Though the American Rule prohibits fee shifting in most cases, district courts do have the inherent power to impose sanctions when a party has acted in bad faith or engaged in abusive litigation practices. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). Also, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (2006).

Here, plaintiff's conduct fell so far outside of line, the Court was forced to issue an Order directing plaintiff to cease her harassment of defense counsel including any future visits to the home of defense counsel's parents. (*See* Order 1:05-CV-00446-JEC [28] at 3-4, (noting that plaintiff showed up, unannounced, by taxi, with suitcase in hand, at the home of defense counsel's parents, asserting that she was there because counsel would not pay her money to settle her case).) Moreover, from April 2005 through January 2006, plaintiff inundated defense counsel with approximately 175 e-mails. (Motion for Attorney Fees 1:05-CV-00446-JEC [38] at 2.) A review of this correspondence shows that defense counsel repeatedly warned

40

plaintiff that her claims were frivolous, and that defendant would seek dismissal of plaintiff's Complaint and recovery of its attorneys' fees. (*See id.* at Ex. 1 at Ex. A.)   Even this Court's seventeen-page order spelling out the implications of plaintiff's failure to exhaust her administrative remedies and dismissing this case did not stop plaintiff's harassing barrage.   Plaintiff has filed no fewer than seven baseless motions since this Court dismissed her case with prejudice.

In sum, and as demonstrated by the Court's discussion above of the other motions pending in this case, the Court concludes that plaintiff represents the very definition of one who has "unreasonably and vexatiously" multiplied these proceedings. *See* 28 U.S.C. § 1927 (2006).   Brought in subjective bad faith, plaintiff's pursuit of this case has been frivolous, unreasonable, and a waste of both the Court's and defendant's resources.   At numerous junctures in this case, plaintiff could have stopped her abusive litigation tactics and avoided an award of attorneys' fees and costs to defendant. Plaintiff chose to press on.   Accordingly, plaintiff must bear some consequence for her refusal to stop pursuing this case once it became clear to all that plaintiff's claim was entirely without merit.   The Court **GRANTS** defendant's Motion for Attorney Fees [38].

With regard to the specifics of this award, "the starting point in any determination for an objective estimate of the value of a

41

lawyer's services is to multiply hours <u>reasonably</u> expended by a <u>reasonable</u> hourly rate." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)(emphasis added). A reasonable hourly rate in the lodestar calculation, "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. As for the number of hours to be compensated, the total number of hours reasonably expended should be free of excessive, redundant, or otherwise unnecessary hours with time spent on discrete and unsuccessful claims deducted from the total. *Norman*, 836 F.2d at 1301-02.

In this case, defense counsel has billed $41,943 for services rendered in this case. The hourly rates charged by defense counsel range from $275 to $350 per hour, with an occasional sprinkling of $125 per hour charges. (*See* Defendant's Itemization of Attorney Fees 1:05-CV-00446-JEC [44] at 3-20.) Unfortunately, the itemization of attorneys' fees submitted by defense counsel does not account for or explain this wide range in rates. The Court assumes, from its own review of defense counsel's billing entries and experience with such matters, that the different rates may be the result of attorneys at different levels of experience having worked on the case, with the $125 per hour work being that of a paralegal, but an assumption cannot carry this Court's finding of reasonableness. Given this

42

issue, the Court **DIRECTS** defense counsel to, within **thirty (30) days** of this Order, supplement its itemization of attorney's fees with an explanation of the varying fees charged to defendant so the Court may determine the correct amount of attorney's fees to be awarded in this case.

## IV.   Ajuluchuku v. Washington Mutual Inc. (1:05-CV-02955-JEC)

In   1:05-CV-02955-JEC,   plaintiff   seeks   to   recover $9,000,000,000,000 (nine trillion dollars) against Washington Mutual for "discrimination based upon Race and Disability." (Complaint 1:05-CV-02955-JEC [1] at 5.) Exactly what defendant did to plaintiff is not entirely clear from plaintiff's Complaint, but it seems that plaintiff is upset about the way defendant instructed plaintiff to deposit her checks. (*Id.* at 2.) In addition, plaintiff is upset about banking statements she claims not to have received. There is also a statement in plaintiff's Complaint about an allegedly wrongful termination from defendant's employ when plaintiff was sent to work for defendant by Adecco staffing agency. (*Id.*) Plaintiff also claims that defendant short-changed her $200 from her checking account. Throughout her Complaint, plaintiff makes repeated references to dogs and telephone calls made to animal control. How defendant may or may not be connected to these dogs is not clear to this Court.

Case Number 1:05-CV-002955-JEC is presently before the Court on plaintiff's Motion for Default Judgment [3]; plaintiff's Motion for

43

Default Judgment [7]; plaintiff's Motion to Reassign Case [8]; defendant's Motion to Dismiss [9]; plaintiff's Motion to Reassign Case [23]; plaintiff's Motion to Transfer Case to Detroit, Michigan [23]; plaintiff's Motion to Transfer Case to Detroit, Michigan [24]; plaintiff's Motion to Reassign Case [24]; plaintiff's Motion to Transfer Case to Detroit, Michigan [26]; plaintiff's Motion not to Proceed with Miscellaneous Cases [26]; plaintiff's Motion to Transfer Case to Dallas, Texas [27]; plaintiff's Motion to Reclassify Case as Personal Injury and Federal Question/Diversity [30]; plaintiff's Motion to Transfer Case to Charlotte, North Carolina [34]; plaintiff's Motion to Transfer Case to Dallas, Texas [35]; AND plaintiff's Motion to Waive Pacer Fees [38].

Both of plaintiff's motions for default judgment are based on plaintiff's mistaken notion that, though she properly served her Complaint on defendant, defendant did not answer. In fact, without seeking any kind of waiver of service of summons, plaintiff attempted to perfect service on defendant, a corporation, by sending a copy of the summons and complaint to defendant by United States Postal Service certified mail. (Return of Service and Answer Due Date 1:05-CV-02908-JEC [5] at 1.) Accordingly, as set forth in FED. R. CIV. P. 4, plaintiff did not properly serve defendant. Plaintiff is therefore not entitled to a default judgment for defendant's failure to answer within twenty days of plaintiff's ineffectual attempt at

44

serving defendant with a copy of the summons and complaint in this action.  The Court **DENIES** plaintiff's Motion for Default Judgment [3] and **DENIES** plaintiff's Motion for Default Judgment [7].

Plaintiff's Motion to Reassign Case [8] is based on plaintiff's own assertion that, "[w]hen all my cases are assigned to one judge, the judge has the tendency to issue a restraining order against me. Consequently, I have continued to undergo discrimination." (Motion to Assign a Different Judge 1:05-CV-02955-JEC [8].)  The Court concludes that this "tendency" does not justify this Court's recusal and reassignment of the case.  The Court **DENIES** Motion to Reassign Case [8]. *See* discussion *supra* at 26.

Docket Entry No. 23 is a motion to both assign this case to a male judge and to transfer the case to Detroit, Michigan. (Motion to Assign, etc. 1:05-CV-02955-JEC [23] at 1.)  Again, none of the 28 U.S.C. § 455 factors counsel in favor of this Court's recusal from this case.[18] Second, no "objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about [this] judge's

---

[18]    In relevant part 28 U.S.C. § 455 (2006) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned . . . . He shall also disqualify himself in the following circumstances . . . .Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ."

45

impartiality." *Parker v. Connors Steel Co.,* 855 F.2d 1510, 1524 (11th Cir.1988). As to reassignment to a male judge, the Court thus **DENIES** plaintiff's Motion to Reassign Case [23]. For the same reasons, the Court also **DENIES** plaintiff's Motion to Reassign Case [24]. *See* discussion *supra* at 25-26.

As in her other cases, plaintiff has filed multiple motions to transfer the case to the various cities plaintiff has moved to in the last seven months—No. 23 to Detroit, No. 24 to Detroit, No. 26 to Detroit, No. 27 to Dallas, No. 34 to Charlotte, No. 35 to Dallas. For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404 (2006). Washington Mutual, the defendant to this frivolous action has already borne enough inconvenience without this Court transferring this case all over the United States to jurisdictions where it is not at all clear to this Court that personal jurisdiction would exist. Moreover, the interests of justice counsel against merely pawning this case off to another Court without addressing the plaintiff's pattern of vexatious and frivolous litigation. Accordingly, the Court **DENIES** plaintiff's Motion to Transfer Case to Detroit, Michigan [23]; **DENIES** plaintiff's Motion to Transfer Case to Detroit, Michigan [24]; **DENIES** plaintiff's Motion to Transfer Case to

46

AO 72A
(Rev.8/82)

Detroit, Michigan [26]; **DENIES** plaintiff's Motion to Transfer Case to Dallas, Texas [27]; **DENIES** plaintiff's Motion to Transfer Case to Charlotte, North Carolina [34]; and **DENIES** plaintiff's Motion to Transfer Case to Dallas, Texas [35].   Plaintiff's Motion not to Proceed with Miscellaneous Cases [26], though styled differently, is really just another motion to transfer the case out of Georgia which, for the reasons above, the Court **DENIES.**

In this circuit, a district court may deny leave to amend a complaint when such an amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).   "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Id.* (internal citation omitted).   The entirety of plaintiff's Motion to Reclassify Case as Personal Injury and Federal Question/Diversity [30] states:

> Your Honor, I would like to motion the court to reclassify the above-captioned case as a Personal Injury Lawsuit, including Discrimination based upon Disability and NATIONAL ORIGIN.   As you are well aware, I sustained personal injuries such as falls, injured ankle, seizures, memory loss, disappointments, dizziness, confusion, assault, vertigo, humiliation, embarrassment, etc as I stated in my complaint due to Defendant's conduct.
>
> On February 13, 2006, I will be returning to the south.   My blood pressure has rise to alarming heights since I arrived in Detroit, Michigan.   I will notify the court of my new address within a week of my arrival in Dallas, Texas. Thank you, Your Honor.

Even giving the above a liberal construction to account for

47

plaintiff's *pro-se* status, on the facts of this case as alleged by plaintiff the Court cannot find any grounds to justify any kind of "reclassification" or amendment to plaintiff's Complaint. The Court thus **DENIES** plaintiff's Motion to Reclassify Case as Personal Injury and Federal Question/Diversity [30].[19]

This leaves the Court to consider defendant's motion to dismiss the Complaint brought by plaintiff pursuant to 42 U.S.C. § 12182; 42 U.S.C. § 2000a; and 42 U.S.C. § 1983. As in Case Number 1:05-CV-02908-JEC, in this case plaintiff only seeks money damages. First, with regard to plaintiff's claim under 42 U.S.C. § 2000a, Title II of the Civil Rights Act of 1964 only provides for injunctive relief and does not allow for the recovery of monetary damages. *Newman v. Piggie Park Enter., Inc.*, 390 U.S. 400, 401-02 (1968)("A Title II suit is thus private in form only. When a plaintiff brings an action under that Title, he cannot recover damages."). Plaintiff has thus failed to state a claim for relief under 42 U.S.C. § 2000a. Like Title II of the Civil Rights Act, the only remedy available under 42 U.S.C. § 12182 is injunctive relief. *See* 42 U.S.C. § 12188(a) (2006) (providing that the provisions of 42 U.S.C. § 2000a-3 supply the

---

[19] In doing so, the Court notes that plaintiff's motion lists a different Case Number in its heading--1:05-CV-02908-JEC. Out of an abundance of caution, however, the Court has construed this motion labeled for another case as also having been made in 1:05-CV-02955-JEC.

AO 72A
(Rev.8/82)

available remedies for enforcement of the public accommodation subchapter of the ADA); *see also A.R. v. Kogan*, 964 F. Supp. 269, 271 (N.D. Ill. 1997). Thus, plaintiff has also failed to state a claim for relief under 42 U.S.C. § 12182.

Third, plaintiff has sued Washington Mutual, a private entity, but there is no allegation or indication that anyone at Washington Mutual was acting under color of state law. Accordingly, plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983.

Finally, to the extent plaintiff is asserting a claim for fraud, plaintiff has failed to allege that defendant made any false representations--a necessary element of any claim for fraud. Moreover, plaintiff has failed to allege that she justifiably relied on any false representations made by defendant. In Georgia, to prove fraud, a claimant must show: "(1) a false representation, (2) scienter, (3) intent to induce them to act or refrain from acting, (4) justifiable reliance, and (5) damages." *FitzSimons v. W.M. Collins Enter., Inc.*, 271 Ga. App. 854, 856, 610 S.E.2d 654, 656 (2005). Thus, plaintiff has failed to state a claim for fraud. Plaintiff having failed to state any claim upon which she is entitled to relief, pursuant to FED. R. CIV. P. 12(b)(6), the Court **GRANTS** defendant's Motion to Dismiss [9]. This case is **dismissed with prejudice.** The Court also **DENIES** plaintiff's Motion to Waive Pacer Fees [38].

**V.    Ajuluchuku v. Sun Trust Banks, Inc. (1:06-CV-01112-JEC)**

Case Number 1:06-CV-01112-JEC, here via transfer from the United States District Court for the Northern District of Texas, is identical to 1:05-CV-02908-JEC and arises out of the same October 20, 2005, events which transpired at a Sun Trust location in Atlanta.  In the Texas action, however, plaintiff adds a claim under the Federal Torts Claims Act, 42 U.S.C. § 12203, and the "Contract Act of 1872". (Complaint 1:06-CV-01112-JEC [1] at 1.)

In 1:06-CV-01112-JEC the motions currently before the Court are defendant's Motion to Dismiss [11]; plaintiff's Motion to Transfer Case to Charlotte, North Carolina [23]; plaintiff's Motion to Transfer Case to Dallas, Texas [25]; AND plaintiff's Motion to Waive Pacer Fees [28].

As to plaintiff's motions to transfer, the Court finds the interests of justice strongly counsel against transferring this case back to the court that transferred the case here.  The Court thus **DENIES** plaintiff's Motion to Transfer Case to Dallas, Texas [25]. The Court also finds no justification for transferring the case to Charlotte, North Carolina.  The Court **DENIES** plaintiff's Motion to Transfer Case to Charlotte, North Carolina [23].

Finally, the Court considers defendant's Motion to Dismiss [11]. For the reasons articulated, *supra* at 32-33, plaintiff has failed to state a claim under 42 U.S.C. § 2000a and 42 U.S.C. § 12182.

50

Plaintiff's retaliation claim under the ADA, 42 U.S.C. § 12203, also fails because money damages are not available under this provision. *Kramer v. Banc of America Sec., LLC*, 355 F.3d 961, 965 (7th Cir. 2004)(addressing the issue as a matter of first impression and concluding "the 1991 Civil Rights Act does not expand the remedies available to a party bringing an ADA retaliation claim against an employer and therefore compensatory and punitive damages are not available. A close reading of the plain language of § 1981a(a)(2) makes it clear that the statute does not contemplate compensatory and punitive damages for a retaliation claim under the ADA.").   As for plaintiff's claims under the "Contract Act of 1872" the only such Act the Court is aware of is a law of the nation of India, under which plaintiff cannot pursue her claims in this federal court.   *See Byron v. Rajneesh Foundation Int'l*, 634 F. Supp. 489, 491 (D. Or. 1985). The Court finds no other possible basis for a breach of contract claim.   Finally, plaintiff's claim under the Federal Torts Claim Act fails because the Federal Torts Claim Act is a vehicle for claims against the federal government, not against private entities such as Sun Trust. *See* 28 U.S.C. § 2674 (2006).   For the reasons articulated above, the Court **GRANTS** defendant's Motion to Dismiss [11].   This case is **dismissed with prejudice.**   The Court also **DENIES** plaintiff's Motion to Waive Pacer Fees [28].

51

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [7] and **ORDERS** that **plaintiff be restricted from filing any civil complaints in this court without payment of the full statutory filing fee**, in addition to (1) a certification that neither the claims alleged nor the defendant(s) named therein have been the subject of a pending law suit in any federal or state court and (2) a copy of the restraining order entered by the District Judge in this District and a copy of all other restraining orders entered in any district or state court. Further, the Court imposes an addition condition.

The Court also **ORDERS** that, at the time of filing any civil complaint, **plaintiff also post a $10,000 bond** to cover the likely award of costs and attorneys' fees to the next defendant victimized by one of plaintiff's frivolous filings. The Clerk of Court is **DIRECTED** not to accept any civil complaint plaintiff attempts to file that does not comply with the above conditions. The $10,000 bond must be posted simultaneously to plaintiff's filing any civil complaint.

For Case Number **1:05-CV-02908-JEC,** the Court **DENIES** plaintiff's Motion for Default Judgment [3]; **GRANTS** defendant's Motion to Dismiss [8]; **DENIES** plaintiff's Motion to Reassign Case [9]; **DENIES**

AO 72A
(Rev.8/82)

plaintiff's Motion to Amend Complaint [13]; **DENIES** plaintiff's Motion to Reassign Case [34]; **DENIES** plaintiff's Motion to Transfer Case to Detroit, Michigan [34]; **DENIES** plaintiff's Motion to Transfer Case to Detroit, Michigan [37]; **DENIES** plaintiff's Motion to Reassign Case [37]; **DENIES** plaintiff's Motion to Transfer Case to Detroit, Michigan [39]; **DENIES** plaintiff's Motion not to Proceed with Miscellaneous Cases [39]; **DENIES** plaintiff's Motion to Transfer Case to Dallas, Texas [41]; **DENIES** plaintiff's Motion to Reclassify Case as Personal Injury and Federal Question/Diversity [44]; **DENIES** plaintiff's Motion to Transfer Case to Charlotte, North Carolina [49]; **DENIES** plaintiff's Motion to Transfer Case to Dallas, Texas [50]; **GRANTS** defendant's Renewed Motion to Dismiss [53]; AND **DENIES** plaintiff's Motion to Waive Pacer Fees [55].   This case is **dismissed with prejudice.**

For Case Number **1:05-CV-00446-JEC**, the Court **DENIES** plaintiff's Motion for Reconsideration [36]; **GRANTS** defendant's Motion for Attorney Fees [38]; **DENIES** plaintiff's Motion for Reconsideration [39]; **DENIES** plaintiff's Motion to Transfer Case to Detroit, Michigan [40]; **DENIES** plaintiff's Motion not to Proceed with Miscellaneous Cases [40]; **DENIES** plaintiff's Motion to File Breach of Contract Lawsuit Against Attorney D. Albert Brannen [41]; **DENIES** plaintiff's

Motion to Transfer Case to Charlotte, North Carolina [48]; **DENIES** plaintiff's Motion to Transfer Case to Dallas, Texas [49]; AND **DENIES** plaintiff's Motion to Waive Pacer Fees [52].   The Court **DIRECTS** defense counsel, within **thirty (30) days** of this Order, to supplement its itemization of attorney's fees with an explanation of the varying fees charged to defendant so that the Court may determine the correct amount of attorney's fees to be awarded in this case.

For Case Number **1:05-CV-002955-JEC**, the Court **DENIES** plaintiff's Motion for Default Judgment [3]; **DENIES** plaintiff's Motion for Default Judgment [7]; **DENIES** plaintiff's Motion to Reassign Case [8]; **GRANTS** defendant's Motion to Dismiss [9]; **DENIES** plaintiff's Motion to Reassign Case [23]; **DENIES** plaintiff's Motion to Transfer Case to Detroit, Michigan [23]; **DENIES** plaintiff's Motion to Transfer Case to Detroit, Michigan [24]; **DENIES** plaintiff's Motion to Reassign Case [24]; **DENIES** plaintiff's Motion to Transfer Case to Detroit, Michigan [26]; **DENIES** plaintiff's Motion not to Proceed with Miscellaneous Cases [26]; **DENIES** plaintiff's Motion to Transfer Case to Dallas, Texas [27]; **DENIES** plaintiff's Motion to Reclassify Case as Personal Injury and Federal Question/Diversity [30]; **DENIES** plaintiff's Motion to Transfer Case to Charlotte, North Carolina [34]; **DENIES** plaintiff's Motion to Transfer Case to Dallas, Texas [35]; AND **DENIES** plaintiff's Motion to Waive Pacer Fees [38].   This case is **dismissed**

AO 72A
(Rev.8/82)

**with prejudice.**

For Case Number **1:06-CV-01112-JEC**, the Court **GRANTS** defendant's Motion to Dismiss [11]; **DENIES** plaintiff's Motion to Transfer Case to Charlotte, North Carolina [23]; **DENIES** plaintiff's Motion to Transfer Case to Dallas, Texas [25]; AND **DENIES** plaintiff's Motion to Waive Pacer Fees [28]. **This case is dismissed with prejudice.**


SO ORDERED, this __14__ day of September, 2006.


JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

55

AO 72A
(Rev.8/82)